# MATTER OF CHRISTENSEN ENGINEERING COMPANY.

## IN THE SUPREME COURT OF THE UNITED STATES.

No. 15, Original. Submitted April 25, 1904.—Decided May 31, 1904.

When an order imposing a fine for violation of an injunction is substantially one to reimburse the party injured by the disobedience, although called one in a contempt proceeding, it is to be regarded as merely an interlocutory order, and to be reviewed only on appeal from the final decree.

Where, however, the fine is payable to the United States, and is clearly punitive and in vindication of the authority of the court, it dominates the proceeding and is reviewable by the Circuit Court of Appeals on writ of error, *Bessette* v. *W. B. Conkey Co.*, 194 U. S. 324, and the court should take jurisdiction and in case of its refusal mandamus will issue from this court directing it so to do.

THIS is a petition for a writ of mandamus commanding the Circuit Court of Appeals for the Second Circuit to reinstate and take jurisdiction of a writ of error filed by the petitioner in that court, by which it sought to have reviewed an order of the Circuit Court for the Southern District of New York adjudging the petitioner guilty of contempt. The facts are, that on August 13, 1900, the Westinghouse Airbrake Company filed in the Circuit Court its bill of complaint, alleging the ownership of certain letters patent, an infringement by this petitioner, and praying an injunction restraining such infringement and an accounting of profits and damages. A preliminary injunction was ordered on October 18, 1901. On February 21, 1903, the petitioner was adjudged guilty of contempt in disobeying that injunction, and ordered to pay a fine of $1,000, one-half to the United States and the other half to the complainant. On March 23, 1903, a writ of error to revise this order was allowed by the Circuit Court, and a full transcript of the proceedings in that court duly certified to the Circuit Court of Appeals. On March 18, 1903, the Circuit Court entered a decree sustaining the validity of the patent,

directing a permanent injunction and an accounting of profits and damages. On April 16, 1903, an appeal was taken from this decree. A hearing on the writ of error was had before the Circuit Court of Appeals and, on February 13, 1904, that court dismissed the writ of error.

*Mr. W. A. Jenner* for petitioner.

*Mr. Frederic H. Betts* for respondent.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The examination in *Bessette* v. *W. B. Conkey Company,* 194 U. S. 324, just decided, of the right of review in contempt cases precludes the necessity of extended discussion.

In that case Bessette was not a party to the suit, and the controversy had been settled by a final decree, from which, so far as appeared, no appeal had been taken. He was found guilty of contempt of court, and a fine of $250 imposed, payable to the United States, with costs.

In this case the Christensen Engineering Company was a party. The contempt was disobedience of a preliminary injunction and the judgment in contempt was intermediate the preliminary injunction and the decree making it permanent. The fine was payable, one-half to the United States, and the other half to the complainant.

The distinction between a proceeding in which a fine is imposed by way of compensation to the party injured by the disobedience, and where it is by way of punishment for an act done in contempt of the power and authority of the court, is pointed out in *Bessette's* case, and disclosed by some of the cases referred to in the opinion.

In *New Orleans* v. *Steamship Company,* 20 Wall. 387, the act in contempt was by one not then a party to the suit. No order was entered against him until the final decree in the case,

and then he was punished for the act of disobedience, purely as an act of a criminal nature, and without compensation to the plaintiff in whose favor the injunction was originally ordered. No review under the then existing law was allowable. In *Hayes* v. *Fischer*, 102 U. S. 121, the contempt proceeding was remedial and compensatory, and the entire amount of the fine was ordered paid to the plaintiff in reimbursement. It was held that, if the remedial feature was alone to be considered, and the proceeding regarded as a part of the suit, it could not be brought to this court by writ of error, but could only be corrected on appeal from the final decree; if to be regarded as a criminal action, then it was one of which this court had no jurisdiction, either by writ of error or appeal. In *Ex parte Debs et al.*, 159 U. S. 251, there was nothing of a remedial or compensatory nature. No fine was imposed, but only a sentence of imprisonment. This court had no jurisdiction of a writ of error in such a case. And see *O'Neal* v. *United States*, 190 U. S. 36. In *Worden* v. *Searls*, 121 U. S. 14, the proceeding was remedial and compensatory, in that for violations of a preliminary injunction the defendants were ordered to pay the plaintiff $250 "as a fine for said violation," by one order, and, by another order, to pay a fine of $1,182 to the clerk, to be paid over by him to the plaintiff for "damages and costs," the $1,182 being made up of $682 profits made by the infringement, and $500 expenses of plaintiff in the contempt proceedings. These interlocutory orders were reviewed by this court on appeal from the final decree, and as that decree was reversed, the orders were also set aside, this being done "without prejudice to the power and right of the Circuit Court to punish the contempt referred to in those orders, by a proper proceeding." It was also said "that, though the proceedings were nominally those of contempt, they were really proceedings to award damages to the plaintiff, and to reimburse to him his expenses."

These authorities show that when an order imposi.  fine for violation of an injunction is substantially one to rei  urse

the party injured by the disobedience, although called one in a contempt proceeding, it is to be regarded as merely an interlocutory order, and to be reviewed only on appeal from the final decree.

In the present case, however, the fine payable to the United States was clearly punitive and in vindication of the authority of the court, and, we think, as such it dominates the proceeding and fixes its character. Considered in that aspect, the writ of error was justified, and the Circuit Court of Appeals should have taken jurisdiction.

*Petitioner entitled to mandamus.*