### BESSETTE v. W. B. CONKEY CO.

(Circuit Court of Appeals, Seventh Circuit. October 4, 1904.)

No. 859.

1. CIRCUIT COURT OF APPEALS—JURISDICTION AND MODE OF REVIEW—ORDER IMPOSING PUNISHMENT FOR CONTEMPT.

An order of a federal Circuit Court, entered in a pending suit intermediate between the granting of a preliminary injunction and final decree, adjudging a person who was not a party to the suit guilty of contempt for conspiring to violate the injunction, and imposing a fine and imprisonment upon him as a punishment, may be reviewed in the Circuit Court of Appeals by writ of error, but not by appeal.

Appeal from the Circuit Court of the United States for the District of Indiana.

For opinion below, see 111 Fed. 417.

Wm. V. Rooker, for appellant.

Jacob Newman, for appellee.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM. On August 24, 1901, The W. B. Conkey Company filed its bill of complaint in the court below against James K. Russell and many others, seeking, among other things, a restraining order, provisional and perpetual, against the defendants, their confederates, agents, and servants, restraining them from interfering with the operation of its printing and publishing house located at Hammond, in the state of Indiana. Upon the bill and certain affidavits in support thereof a temporary restraining order was issued on October 3, 1901. The preliminary injunction was continued in force, and upon final hearing on December 3, 1901, was made perpetual. On September 13, 1901, the complainant instituted proceedings as for a contempt and disobedience of the temporary injunction against the appellant, Edward E. Bessette, who was not a party to the bill, and others, charging that he and they with full and actual notice and knowledge of the order, had disobeyed the injunction, stating the manner of violation. To that proceeding Bessette appeared. Upon hearing on October 19, 1901, the court entered its judgment (111 Fed. 417) finding Bessette guilty of contempt as charged, and imposing a fine, as punishment for the contempt, in the sum of $250, payable to the United States, with

¶ 1. Orders, decrees, and judgments reviewable in Circuit Court of Appeals, see note to Salmon v. Mills, 13 C. C. A. 374.

the costs of the proceeding, and that he stand committed to the jail of Marion county until the fine and costs should be paid. From that judgment Bessette prayed an appeal to this court, which was allowed, and the cause was duly submitted upon hearing upon that appeal. We thereupon, on June 11, 1902, certified to the Supreme Court certain questions upon which we desired the advice of that tribunal; among them these:

1. Whether the act creating and establishing Circuit Courts of Appeals authorized a review of a judgment of the Circuit Court adjudging one guilty of contempt for violating an order of that court made in a suit pending therein and imposing a fine for contempt. To which question the Supreme Court has answered in the affirmative.

2. Whether, if such review be sanctioned by law, a person so adjudged in contempt and fined therefor, who is not a party to the suit, can obtain such review by appeal. To which question the Supreme Court answered in the negative.

3. Whether the matter could be brought to this court by writ of error. To which that tribunal responded in the affirmative.

Bessette v. W. B. Conkey Company, decided May 16, 1904, 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed. 997. See, also, In the Matter of the Petition of Christensen Engineering Company for a writ of mandamus, decided May 31, 1904, 194 U. S. 458, 24 Sup. Ct. 729, 48 L. Ed. 1072.

The judgment here appealed from was intermediate the preliminary injunction and the final decree, and against one not a party to the suit. The proceeding below was not remedial or compensatory to reimburse the suitor injured, but was imposed by way of punishment for an act done in contempt of the power and authority of the court. It was punitive, not remedial, and against one not a party to the suit, and therefore, under the decisions referred to could only be reviewed upon writ of error, and not by appeal.

We are therefore obliged to direct that the appeal be dismissed.