**In re Subpoenas addressed to FISH & NEAVE and Winthrop, Stimson, Putnam & Roberts, Appellants.**

**No. 75–1183.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1975.

Decided June 11, 1975.

Sheldon Oliensis, New York City, for appellants.

Paul Owens, U. S. Dept. of Justice, Minneapolis, Minn., for appellee.

Before MATTHES, Senior Circuit Judge, LAY, Circuit Judge, and REGAN, District Judge.[*]

## ORDER

This matter comes before us on appeal from citations for civil contempt of individual lawyers and law firms for refusal to produce certain documents for *in camera* inspection subpoenaed under the federal rules relative to ongoing litigation in the case of United States v. Pfizer, Inc., et al., filed in July 1969.

The history of the proceedings is set forth in the district court's findings of fact and conclusions of law filed April 15, 1975, appended to this order.[1] After

---

[*] The Honorable John K. Regan, United States District Judge, Eastern District of Missouri, sitting by designation.

[1] Since the notice of appeal was filed on March 17, 1975, prior to the district court's filing on April 15, 1975, of its findings of fact and conclusions of law, and since the district court failed pursuant to Rule 58, Fed.R.Civ.P., to set forth its order on a separate document, the district court is directed to separately file its order and its memorandum of April 15, *nunc pro tunc*, so as to show a filing date as of the time of its oral order of contempt, March 15, preceding the notice of appeal.

review of the briefs and record this court concludes that the district court's findings of fact are not clearly erroneous and we find the subpoenas valid.

■■ This matter is remanded to the district court and appellants are directed to comply with the subpoenas by submitting the documents for *in camera* inspection by the Special Masters and the district court. Appellants shall group those matters which they claim not to be discoverable and shall particularize their objections as the masters may direct. The claims of attorney-client privilege and work-product were specifically reserved by the district court. Until such a determination has been made by the district court, submission of this issue to this court is premature. If appellants fail to submit the documents to the district court within 20 days, the fines imposed by the district court shall thereafter commence, subject to modification by the district judge.

It is so ordered.

### APPENDIX

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

IN RE COORDINATED PRETRIAL
PROCEEDINGS
IN ANTIBIOTIC ANTITRUST AC-
TIONS
} 4–71 Civ. 435

IN RE CITATIONS FOR CON-
TEMPT ARISING OUT OF SUB-
POENAS DUCES TECUM AD-
DRESSED TO THE LAW FIRMS
OF WINTHROP, STIMSON, PUT-
NAM & ROBERTS AND FISH &
NEAVE

MILES W. LORD, District Judge.

Pursuant to Rule 52(a), F.R.Civ.P., and based on all files, records, memoranda, and arguments of counsel for all parties, both orally and in writing, the Court makes the following findings of fact, conclusions of law and order.

### FINDINGS OF FACT

(1) On November 21, 1974, this Court authorized the issuance of trial subpoenas, pursuant to 15 U.S.C. § 23.

(2) The subpoenas were subpoenas duces tecum that called for the production of approximately 150 documents which are in the possession, custody, or control of the Winthrop, Stimson, Putnam & Roberts law firm or the firm of Fish & Neave and which are presently within the territorial jurisdiction of this Court. A list that identified these 150 documents by author's name, addressee's name, and a brief description of the subject matter was also sought.

(3) On February 26, 1975, in Minneapolis, Minnesota, the subpoenas were served personally on Merrell E. Clark, a partner in the Winthrop, Stimson, Putnam & Roberts law firm and Henry J. Zafian, the managing partner of the law firm of Fish & Neave.

(4) At that time and presently, all parties to the subpoenas are before the Court in the case of United States v. Pfizer, Inc., et al., filed July 15, 1969.

(5) To insure that privileged documents were not in the documents turned over to the government because of these subpoenas, the attorneys were instructed to segregate those documents upon which they claimed privilege and to produce them to the Court for *in camera* inspection.

(6) The documents sought by the United States are relevant to the issues now on trial since both law firms were counsel for Bristol-Myers Co. during the period 1954–56 when Bristol was seeking its antibiotic patents in this area and was involved in litigation with Cyanamid and Pfizer. This litigation is of critical importance since it is plaintiffs' contention that through this lawsuit, Bristol became aware of the illegal activities of Cyanamid and Pfizer and armed with that knowledge forced their way in as co-conspirator.

(7) There are extenuating circumstances that constitute "good cause shown" and make the production of these documents even more critical. There is no other way for the United States to get this information since the only witnesses who could testify on these matters are either dead or unable to

testify: Wilbur Malcolm, Frederic Schwartz, George Martin, Harvey Edelblute and Hilge Dieserud.

(8) The subpoenas of November 21, 1974, are the culmination of discovery proceedings that were initiated as early as October 3, 1972. They are identical to subpoenas issued in the District Court for the Southern District of New York on July 3, 1974. The issuance of these trial subpoenas cannot be considered an attempt to "forum shop" because this Court, pursuant to the order of the Chief Justice of the United States Supreme Court dated August 3, 1972, had jurisdiction over the New York subpoenas also. In addition, the question of privilege that was at issue in the proceedings following the issuance of the New York subpoenas is yet to be ruled on. Therefore, the issuance of these trial subpoenas cannot be said to be an attempt to avoid the decision on that issue.

(9) At the hearing on March 15, 1975, after extensive briefing and argument, this Court ordered the subpoenas to be complied with as written.

(10) Counsel for Fish & Neave and Winthrop, Stimson, Putnam & Roberts each informed the Court unequivocally that they personally would not comply with the order of the Court nor would their law firms, either as it applied to the documents in question or to the descriptive list.

(11) Upon motion by the United States, the Court found that this conduct was civilly contumacious and imposed daily fines until the attorneys or the law firms should purge themselves of the contempt by turning over the documents and the descriptive list to the appropriate parties.

## CONCLUSIONS OF LAW

(1) The subpoenas in question are valid and were validly served upon Messrs. Clark and Zafian. 15 U.S.C. § 23; Rule 45(e), F.R.Civ.P.

(2) Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of court from which the subpoena issued. Rule 45(f), F.R.Civ.P.

(3) Anticipation of a problem concerning possible work product privilege, Rule 26(b)(3), F.R.Civ.P.; Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), is not an adequate excuse within the meaning of Rule 45(f). It is premature since the claimed privilege will be ruled on after the documents have been turned over to the Court for its *in camera* inspection to determine which portions may be claimed as privileged. The Court has the highest degree of confidence in the Masters that have been appointed to advise the Court on these questions. The Court is confident that the Masters will consider these questions in light of recent decisions in this most difficult area; e. g. Duplan Corporation v. Moulinage et Retorderie de Chavanoz, 487 F.2d 480 (4th Cir. 1973).

(4) The common law rule that those who come before a Court are immune from service of process in other suits, Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932), does not apply to the matter before this Court since the process sought to be served is in connection with the matter for which the individuals are before the Court. In addition this rule is one that inures to the benefit of the Court and judicial administration, not the parties, and therefore may be modified by the Court as justice requires. If it were applicable to the facts in this case, the Court would be bound to modify the rule to allow this service.

(5) The Court is not now called upon to make definitive rulings on the question of "hard core work product." It is sufficient at this juncture to rule that even if there is an "absolute privilege" the law firms must turn over the files to the Court so that it can determine what if any documents or portions thereof fall into what if any areas of "absolute privilege." United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

(6) In the same vein, the Court rules that it is imperative that the government have sufficient information about the documents in question so that they may argue against the claim of privilege if it is to be put forth. To that end the Court sought a list of the documents that contained the author's name, addressee's name, and a brief statement of the subject matter.

(7) The procedure followed by this Court is well within the confines of the Court's power and duty to insure that all relevant and material evidence not otherwise privileged is produced so that the decision reached is just. Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931).

Therefore:

The Court finds Merrell E. Clark, Henry J. Zafian, the law firm of Winthrop, Stimson, Putnam & Roberts and the law firm of Fish & Neave in civil contempt.

For the offense, each law firm is ordered to pay commencing on March 15, 1975, for each day they fail to comply to the subpoenas and the Court's order pertaining thereto: for the first five days, $100.00 per day; for the next five days, $200.00 per day; and for the next five days, $300.00 per day.

For the offense of failing to turn over the descriptive list, a similar schedule of fines is imposed with $1.00, $2.00 and $3.00 being substituted for $100.00, $200.00 and $300.00.

Both sets of fines are payable to the Clerk of Court at the end of each five day period.

The Court will rule at the end of the fifteen days as to what further steps need be taken. It is so ordered.