**Appeal of LICHT & SEMONOFF.**

No. 85–1996.

United States Court of Appeals, First Circuit.

Argued April 7, 1986.
Decided July 3, 1986.

Susan M. Huntley with whom Licht & Semonoff, Providence, R.I., was on brief, for appellant.

Michael H. Feldhuhn with whom William A. Poore, Hodosh, Spinella & Angelone, Kenneth R. Neal and Coffey, McGovern, Noel & Neal, Ltd., Providence, R.I., were on brief, for appellees.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

BOWNES, Circuit Judge.

The law firm of Licht & Semonoff (the firm) appeals from an order of the district court imposing monetary sanctions against it pursuant to Federal Rule of Civil Procedure 26(g) for abuse of discovery. Rule 26(g) states in pertinent part:

> (g) **Signing of Discovery Requests, Responses, and Objections.** Every request for discovery · or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. ... The signature of the attorney or party constitutes a certification that he has read the request, response, or objection, and that to the best of his knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. . . .
>
> If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

The discovery in question was undertaken as part of the case of *Providence Wholesale Drug Company v. Gerald R. Russeth,* C.A. 85–0289(B). The firm is counsel for plaintiffs in that case but is not itself a party to the litigation. We find that we do not have jurisdiction over this interlocutory appeal, and dismiss it.

*Background*

The case from which this appeal arises involves a suit by the Providence Wholesale Drug Company (Providence) and some of

its directors and shareholders against the former president of the company, Gerald Russeth, the former vice-president and treasurer, Elaine Barone, and New England Distribution Services, Inc. (New England). Defendants Russeth and Barone incorporated New England as a holding company for purposes of conducting a hostile takeover of Providence.

On May 14, 1985, Russeth and Barone, while still officers of Providence, issued a tender offer and proxy solicitation to Providence shareholders. They were discharged by the company the same day for alleged lack of integrity, and for misuse of company funds and credit cards. On May 17 the Providence Board of Directors filed an action in federal district court for material misstatements and omissions made in connection with the tender offer, and for breach of the fiduciary duty owed to Providence, alleging a violation of § 14(e) of the Securities Exchange Act of 1934 [1] and regulation 14E thereunder.[2] The complaint requested immediate injunctive relief, damages, costs, and any other relief found appropriate under the circumstances.

The parties' bitter proxy battle swiftly spilled over into the legal arena, with the district court ordering expedited discovery and postponing the date of a crucial shareholders' meeting scheduled for May 28 until June 11. Depositions taken by plaintiffs of the defendants were long and acrimonious. Defendants objected vociferously to the length of the depositions—Russeth's extended over eleven hours—and to various questions put to Russeth, including whether he had sexual relations with Bar-

one, and whether he used Providence funds to buy a large sloop he owns. Defendants also objected to the plaintiffs using information gained through discovery as ammunition in the proxy fight. Motions were made by the defendants for sanctions against alleged abusive practices and for misuse of discovery. Before these motions were ruled on, the district court issued a preliminary injunction barring any further action by the defendants on their tender offer until they provided certain information to shareholders. The scheduled shareholders' meeting was ordered cancelled until twenty days after that information was disseminated.

After a hearing, the district court issued an order on October 28, 1985, granting defendants' motion for sanctions. The district court found that plaintiffs' attorneys had misused the discovery process because their primary purpose in deposing defendants Russeth and Barone was to harass them and to gain information to disseminate to shareholders, not to advance the legal action. The district court ordered that plaintiffs' law firm, Licht & Semonoff, pay $1,000 to each of the two law firms representing the defendants. The firm appeals that order and asserts various errors below.

Supplemental briefing was ordered by us on the issue of jurisdiction. Both appellant and appellees agree that we have jurisdiction over this appeal. They assert three alternative jurisdictional grounds: (1) that the sanction order was a "final decision" under 28 U.S.C. § 1291;[3] (2) that the order

---

**1.** The Act provides in pertinent part:

(e) It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in oppostion to or in favor of any such offer, request, or invitation....

15 U.S.C. § 78n(e) (1982).

**2.** In pertinent part, the regulation provides:

As a means reasonably designed to prevent fraudulent, deceptive or manipulative acts or practices within the meaning of section 14(e) of the Act, no person who makes a tender offer shall:

(a) Hold such tender offer open for less than twenty business days from the date such tender offer is first published or sent or given to security holders....

17 C.F.R. § 240.14E–1 (1985).

**3.** That section reads in pertinent part:

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from

falls under the *Cohen* [4] "collateral order" exception to the final decision requirement of § 1291; and (3) that the appeal may be treated as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651(a) (1982).[5] In addition, appellees assert that Federal Rule of Civil Procedure 26(g) authorizes us to award them appellate costs and attorney's fees if we uphold the district court's order or if we dismiss the appeal for lack of jurisdiction. Appellant disputes this.

Before turning to the precise issues raised by the parties, we note that the case law on the question of appellate jurisdiction under § 1291 to review sanction orders of the district court turns on whether the appellant is a party, nonparty, or attorney to one of the parties in the underlying litigation.

The law is substantially settled that neither a party nor a· nonparty to litigation may bring an immediate appeal of a discovery order. *Alexander v. United States,* 201 U.S. 117, 121, 26 S.Ct. 356, 357–58, 50 L.Ed. 686 (1906); 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 110.-13[2], at 153–55 (1985); *but see Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993, 996 (10th Cir.), *cert. denied,* 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965). A nonparty witness may refuse to comply with a discovery order, be held in contempt, and then appeal the contempt order, which is considered a "final decision" under § 1291. *Alexander v. United States,* 201 U.S. at 121–22, 26 S.Ct. at 357–58 *Cobbledick v. United States,* 309 U.S. 323, 326–28, 60 S.Ct. 540, 541–42, 84 L.Ed. 783 (1940). A party, however, may appeal only an order of criminal contempt before final judgment, not one of civil contempt. *Doyle v. London Guarantee & Accident Co.,* 204 U.S. 599, 607–08, 27 S.Ct. 313, 315–16, 51 L.Ed. 641 (1907); *Bessette v. W.B. Conkey*

*Co.,* 194 U.S. 324, 326–30, 24 S.Ct. 665, 666–68, 48 L.Ed. 997 (1904); *Matter of Christensen Engineering Co.,* 194 U.S. 458, 460–61, 24 S.Ct. 729, 730–31, 48 L.Ed. 1072 (1904); 9 *Moore's Federal Practice* ¶ 110.13[2] at 154. It follows that a party may not appeal a sanction order other than criminal contempt before final judgment. *Coleman v. Sherwood Medical Industries,* 746 F.2d 445, 447 (8th Cir.1984); *Mulay Plastics, Inc. v. Grand Trunk Western R.R. Co.,* 742 F.2d 369, 370–71 (7th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1409, 84 L.Ed.2d 798 (1985); *Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik,* 658 F.2d 944, 947 (3d Cir.1981); *Evanson v. Union Oil Co.· of Calif.,* 619 F.2d 72, 74 (Temp.Emer.Ct.App.), *cert. denied,* 449 U.S. 832, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980); *but see State of Ohio v. Arthur Andersen & Co.,* 570 F.2d 1370, 1372 (10th Cir.), *cert. denied,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978).

The cases generally permit nonparties to appeal sanction orders other than contempt immediately, but use different rationales. Two cases, by drawing an analogy to civil contempt, hold that nonparties can immediately appeal a discovery sanction because it is a "final decision" under § 1291. *Liew v. Breen,* 640 F.2d 1046, 1048 (9th Cir.1981); *David v. Hooker, Ltd.,* 560 F.2d 412, 415–17 (9th Cir.1977); *but see Gross v. G.D. Searle & Co.,* 738 F.2d 600, 604–06 (3d Cir.1984). Two other cases, involving sanctions against former counsel to parties in the underlying litigation, are silent on the finality requirement of § 1291, but hold that the sanction orders are appealable under the *Cohen* collateral order exception to the finality rule. *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 537–39 (3d Cir.1985); *Knorr Brake Co. v. Harbil, Inc.,* 738 F.2d 223, 225–26 (7th Cir. 1984).

all final decisions of the district courts of the United States. . . .
28 U.S.C. § 1291 (1982).

**4.** *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

**5.** 28 U.S.C. § 1651(a) provides:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

In cases such as the one before us, involving an immediate appeal of a sanction order against present counsel to one of the parties to the case, the law is not settled. Some cases permit an immediate appeal. They do so on the theory that while the order is not a final decision under § 1291, it is a collateral order under the *Cohen* exception. *Frazier v. Cast,* 771 F.2d 259, 261–62 (7th Cir.1985); *Cheng v. GAF Corp.,* 713 F.2d 886, 888–90 (2d Cir.1983); *cf. Optyl Eyewear Fashion International Corp. v. Style Companies,* 760 F.2d 1045, 1047 n. 1 (9th Cir.1985). Two cases in the Ninth Circuit hold, without discussion, that a sanction against an attorney is immediately appealable as a § 1291 final decision. *Mesirow v. Pepperidge Farm, Inc.,* 703 F.2d 339, 345 (9th Cir.), *cert. denied,* 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983); *Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647, 648 (9th Cir.1982). And some cases reach the merits of an attorney's appeal without raising the issue of jurisdiction. *Baker Industries, Inc. v. Cerberus, Ltd.,* 764 F.2d 204 (3d Cir.1985); *Tamari v. Bache & Co. (Lebanon) S.A.L.,* 729 F.2d 469 (7th Cir.1984); *In re Cordova Gonzalez,* 726 F.2d 16 (1st Cir.), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984); *In re Fish & Neave,* 519 F.2d 116 (8th Cir.1975). Finally, some cases hold that there is no jurisdiction over an attorney's immediate appeal of a sanction order, either under the § 1291 final decision requirement or under the collateral order exception to it. *In re Coordinated Pretrial Proceedings,* 747 F.2d 1303, 1305–06 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2323, 85 L.Ed.2d 841 (1985); *Kordich v. Marine Clerks Assoc.,* 715 F.2d 1392, 1393 & n. 1 (9th Cir.1983); *Eastern Maico Distributors v. Maico-Fahrzeugfabrik,* 658 F.2d at 947–51; *Independent Investor Protective League v. Touche Ross & Co.,* 542 F.2d 156, 157–58 (2d Cir.1976). We turn now to a consideration of the firm's appeal under the § 1291 final decision requirement, the collateral order exception, and as a writ of mandamus.

1. *Section 1291 Final Decision.*

A "final decision" is ordinarily one which disposes of all the rights of all the parties to an action. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373–75, 101 S.Ct. 669, 673–74, 66 L.Ed.2d 571 (1981); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945). The purpose of the § 1291 requirement limiting appellate review to final decisions is to avoid piecemeal litigation, promote judicial efficiency, reduce the cost of litigation, and eliminate the delays caused by interlocutory appeals. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. at 374, 101 S.Ct. at 673; *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–53, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964); *Catlin v. United States,* 324 U.S. at 233–34, 65 S.Ct. at 633–34. The requirement of a final decision is to be given a practical not a technical meaning. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. at 375, 101 S.Ct. at 674; *Gillespie v. United States Steel Corp.,* 379 U.S. at 152, 85 S.Ct. at 311.

A number of exceptions to the final decision rule have developed. These include the *Cohen* collateral order doctrine, certification of a partial judgment under Rule 54(b), certification of a question of law under 28 U.S.C. § 1292, and mandamus under 28 U.S.C. § 1651. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. at 375, 101 S.Ct. at 674. It must be emphasized that these are exceptions to the plain meaning of the finality requirement, not interpretations of it.

The firm argues that since it is a nonparty and the Rule 26(g) sanction imposed on it concludes a matter separate from the litigation, the order should be considered "final" for purposes of § 1291. But an attorney actively representing a party is not like a nonparty witness. Unlike a witness who may have no interest in the outcome of the litigation or no continuing connection to it, and who may in fact be in another jurisdiction, an attorney is involved

in all aspects of the case and has a duty to advance the interests of the party she represents. The district court's sanction order was directed at the firm's conduct of discovery and purpose for undertaking it. The order cannot realistically be considered a separate matter from the ongoing case.

■ As a practical matter, which is the way we must apply the finality requirement of § 1291, the sanction may never be finally imposed. The case may be settled and the sanction rescinded by the court as part of the settlement agreement. Or the court may rescind or modify the sanction after verdict. We are not suggesting that any of these possibilities should or will be followed in this case, but their existence detracts from the finality of the order. We hold that a discovery sanction against counsel to one of the parties is not a final decision under § 1291.

This holding is in accord with the weight of precedent. There are a number of cases holding that a sanction order against present counsel is not a final decision. *Frazier v. Cast,* 771 F.2d at 261–62 ("[a]n order imposing sanctions is a non-final order"); *In re Coordinated Pretrial Proceedings,* 747 F.2d at 1305–06 ("the order will not be ... treated as final"); *Kordich v. Marine Clerks Assoc.,* 715 F.2d at 1393 n. 1 (law firm may not bring appeal party is barred from bringing) *Eastern Maico Distributors v. Maico-Fahrzeugfabrik,* 658 F.2d at 947–51 ("sanctions for violation of discovery orders are usually considered interlocutory and not immediately appealable"); *Independent Investor Protective League v. Touche Ross & Co.,* 542 F.2d at 157–58 ("not a final order"); *cf. Cheng v. GAF Corp.,* 713 F.2d at 888–90 ("despite the finality requirement of 28 U.S.C. § 1291" appeal is permitted under *Cohen* exception). And we assume that those cases determining the applicability of the *Cohen* collateral order exception without mentioning the final decision requirement of § 1291 implicitly found no final order. *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d at 537–39; *Optyl Eyewear Fashion International Corp. v.*

*Style Companies,* 760 F.2d at 1047 n. 1; *Knorr Brake Co. v. Harbil, Inc.,* 738 F.2d at 225–26.

The two cases finding a sanction order against current counsel to be a final decision, *Mesirow v. Pepperidge Farm, Inc.,* 703 F.2d 339, and *Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647 (9th Cir.1982), are unpersuasive. Neither discusses the reason for its holding, except to cite to two cases, *Liew v. Breen,* 640 F.2d 1046 (9th Cir.1981), and *David v. Hooker, Ltd.,* 560 F.2d 412 (9th Cir.1977), as support. Neither of those cases, however, involved an appeal by counsel to a party in the case. *Liew* involved a nonparty witness appealing a civil contempt order for refusing to answer deposition questions; in *Hooker* it was a nonparty officer of the defendant corporation who appealed a discovery sanction for failure to answer interrogatories. We also note that in *Gross v. G.D. Searle & Co.,* 738 F.2d at 604, the Third Circuit disagreed with the holdings in *Hooker* and *Liew.*

Cases involving interlocutory appeals of sanction orders against counsel that have proceeded to the merits without raising the issue of jurisdiction are not apposite. *See Baker Industries, Inc. v. Cerberus, Ltd.,* 764 F.2d 204; *Tamari v. Bache & Co. (Lebanon) S.A.L.,* 729 F.2d 469; *In re Cordova Gonzalez,* 726 F.2d 16; *In re Fish & Neave,* 519 F.2d 116. We suspect that it is often true, as it was in this case, that the parties fail to raise the threshold question of jurisdiction. It is understandable, though regrettable, that it might then be overlooked.

*2. The Cohen Collateral Order Exception.*

■ The requirements for treating an interlocutory order as eligible for review under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, are well established in this circuit:

The order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review without

disrupting the main trial; (2) a complete resolution of the issue, not one that is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion. *United States v. Sorren*, 605 F.2d 1211, 1213 (1st Cir.1979) (quoted in *Rodriguez v. Banco Central*, 790 F.2d 172, 177 (1st Cir. May 7, 1986); *In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 803 (1st Cir.1985)). Although all four of the *Cohen* criteria must be met for there to be jurisdiction under this exception to § 1291 finality, we have emphasized that the third factor "should be the 'central focus' and perhaps even the 'dispositive criterion' of appellate jurisdiction over [interlocutory] orders." *In re San Juan Star Co.*, 662 F.2d 108, 112 (1st Cir.1981) (quoting *In re Continental Investment Corp.*, 637 F.2d 1, 6–7 (1st Cir.1980)); *Rodriguez v. Banco Central*, at 178. This factor, which involves the "urgency" of the appeal, *see In re Continental Investment Corp.*, 637 F.2d at 5–7, " 'turns on whether irreparable harm would result to appellants ... from a delay in obtaining appellate review of the [challenged district court] order.' " *In re San Juan Star*, 662 F.2d at 112 (quoting *In re Continental Investment Corp.*, 637 F.2d at 5). *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. at 546, 69 S.Ct. at 1225–26. We turn first, then, to an examination of the irreparable harm requirement.

■ The Supreme Court, in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571, has explained the meaning of the irreparable harm requirement of the *Cohen* exception. *Firestone* involved the appeal of an order denying a motion to disqualify opposing counsel. The defendants-petitioners argued that because plaintiff's counsel also represented defendant's insurer in some matters, that counsel might structure the underlying products liability litigation in such a way as to avoid insurance coverage. Petitioners asserted that the litigation could

possibly be "indelibly stamped" by the prejudicial effects of the challenged representation. This was not found to be a sufficiently concrete showing of irreparable harm. The Court stated that an appellant must make a showing of "much more" than potential irreparable effects of delaying appeal on the course and outcome of the litigation. It must show that denial of an immediate appeal would make any effective review "impossible," or would "destroy" the "legal and practical value" of appellant's right to appeal the district court's order. 449 U.S. at 376–77, 101 S.Ct. at 674–75. We agree with Judge Timbers' dissent in *Cheng v. GAF Corp.*, 713 F.2d 886, that *Firestone* read Supreme Court precedent on the irreparable harm requirement to

impose[ ] a heavy burden on a party seeking review of an interlocutory collateral order. Clearly the Supreme Court, when using language such as rendering any review "impossible" or "destroying" a party's right to appeal, did not contemplate that a court of appeals would find the collateral order doctrine apposite when the prospect of a party losing his right to appeal from a collateral order after entry of final judgment is mere speculation—and especially when it is more probable that no injury will occur if an appeal is postponed until after entry of judgment in the underlying action.

*Id.* at 894–95 (Timbers, J., dissenting). Bearing in mind the heavy burden *Firestone* places on the appellant here, we turn to a consideration of the appellant's showing of irreparable harm.

■ Both appellant and appellees claim that the firm faces potentially irreparable harm if we do not review the sanction order now. They argue that because the firm is not a party to the litigation, if the case is settled or dropped by the plaintiffs, or if no appeal is taken from final judgment, then it "may be precluded from ever obtaining a review of the district court's order." Some courts have accepted this reasoning as sufficient to meet this part of the *Cohen* test. *Frazier v. Cast*, 771 F.2d

at 262; *Cheng v. GAF Corp.*, 713 F.2d at 890. The court in *Cheng* also raised the possibility· of the sanctioned attorney finding himself in an "ethical dilemma" while conducting settlement negotiations, because "his view of any settlement proposal would almost certainly be colored by its handling of the attorney's fees issue." *Id.* at 890. There are also decisions finding the irreparability factor of the *Cohen* doctrine met where sanctions were appealed by nonparties or by counsel who were no longer representing a party to the litigation; the rationale being that such persons either would not be permitted an appeal after final judgment, or could not be expected to follow the case's progress to insure a timely appeal. *See, e.g., Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1172 (D.C.Cir.1985); *David v. Hooker, Ltd.*, 560 F.2d at 417; *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d at 539; *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d at 226; *but see Kordich v. Marine Clerks Assoc.*, 715 F.2d at 1393 n. 1. We express no opinion· as to the appealability of sanctions against a nonparty or an attorney no longer litigating the case, but we disagree with the *Cheng* and *Frazier* courts and determine that the asserted irreparability in this case falls short of meeting the *Cohen* exception for two reasons.

First, appellant does not meet its burden of establishing by "concrete example" that it cannot appeal the Rule 26(g) sanction order ·if the underlying case is settled or dropped, or if the party it represents is successful or elects not to appeal a final judgment. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. at 376, 101 S.Ct. at 674–75. Appellant only asserts it "may be" so. And we have found nothing to convince us that the appeal could be lost in those circumstances. It is true that in *Mesirow v. Pepperidge Farms, Inc.*, 703 F.2d 339, the Ninth Circuit found an appeal of sanctions against an attorney untimely that was brought with an appeal of the merits after final judgment. That decision, however, was based on *Reygo Pacific*

*Corp. v. Johnston Pump Co.*, 680 F.2d 647, which found that sanctions against an attorney are a final decision under § 1291. We see no reason why an attorney should not be allowed to appeal a sanction order when the main case is terminated without an appeal. The sanction order affects the attorney directly and independently. An appropriate analogy is to the right of an attorney to appeal independently the issue of attorney's fees. Several circuits, including our own, have held that an attorney may appeal from a denial or insufficient award of attorney's fees to her client.[6] *Lipscomb v. Wise*, 643 F.2d 319, 321 (5th Cir.1981); *Dietrich Corp. v. King Resources Co.*, 596 F.2d 422, 424 (10th Cir. 1979); *Preston v. United States*, 284 F.2d 514, 515 n. 1 (9th Cir.1960); *Angoff v. Goldfine*, 270 F.2d 185, 186 (1st Cir.1959). We do not think, however, that the separability implied by an independent right of appeal is a valid argument for an immediate appeal. Appeal of the sanction is best heard after final judgment. If the judgment is appealed, it will be helpful to the appellate court to be able to review the order against the background of the case as a whole. This also is more efficient and cost effective. Such an approach squarely comports with the Supreme Court's overriding policy to avoid piecemeal litigation. If in fact there is no final judgment or no appeal, we do not see how the firm will be irreparably harmed if its appeal is postponed until the case is finally terminated.

Second, we do not think that the firm's interest in challenging the sanction order against it will put it in an impossible ethical dilemma during settlement negotiations. The sanction can be left out of the settlement and appealed afterwards. The firm's self interest in making the sanction part of the settlement is not a matter about which we should speculate. The firm's ethical obligation is to its client's best interests. This has recently been emphasized by the Supreme Court in *Evans v. Jeff D.*, —— U.S. ——, ——, 106 S.Ct. 1531, 1537–38, 89

**6.** We have found no cases holding to the contrary.

L.Ed.2d 747 (1986) (No. 84–1288).[7] Furthermore, it would be within the district court's discretion to revoke the sanction in order to secure a settlement of the litigation. The kind of speculation on future harm the parties offer here is of precisely the kind the Supreme Court rejected in *Firestone.* 449 U.S. at 376–78, 101 S.Ct. at 674–75.

Since we find that the third requirement of the *Cohen* collateral order exception to the § 1291 finality rule is not met we need not inquire into the first, second, and fourth.

### 3. *Writ of Mandamus.*

The firm urges that, if we find we have no jurisdiction under § 1291 or the *Cohen* exception, we should give them relief in the form of a writ of mandamus. In the "exceptional case," where jurisdiction may not be had otherwise, a "movant may petition this court for a writ of mandamus under 28 U.S.C. § 1651." *In re Continental Investment Corp.,* 637 F.2d at 7 (quoting *Community Broadcasting of Boston, Inc. v. FCC,* 546 F.2d 1022, 1028 n. 40 (D.C.Cir. 1976); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. at 379 n. 13, 101 S.Ct. at 676 n. 13. As Professor Moore states, "[t]here is some need for flexibility so that, in exceptional situations, appellate review may be had of an order that is non-appealable." 9 *Moore's Federal Practice* ¶ 110.-26, at 276.

 In *United States v. Sorren,* 605 F.2d 1211, we stated that mandamus is appropriate in two situations: (1) where the district court's action was clearly outside its jurisdiction and the party seeking the writ has no adequate remedy by appeal, and (2) where a new, undecided, and important question of law is presented. *Id.* at 1215–16; 9 *Moore's Federal Practice* ¶ 110.28, at 306–13. Neither situation is present here. First, there is no claim that the district court's order of sanctions under Rule 26(g) was outside its jurisdiction, and we have held that review of the order will be available after the action is terminated. Second, although the firm claims that the district court committed legal error as well as errors of fact, the alleged errors do not amount to new, undecided, and important questions of law. The firm claims as error that the district court failed to measure properly the reasonableness of the firm's discovery requests at the time they were made but did so with hindsight, and that its conclusions were based on a misapprehension lingering from an earlier misunderstanding of the applicable law. The firm also claims that the district court's principal factual conclusion—that the firm's primary objective in conducting discovery was not to gather evidence for trial but to gather ammunition for the plaintiffs' public relations battle with the defendants—was unsupported by the record. These simply are not the sort of extraordinary questions for which we would issue a writ of mandamus.

### 4. *Attorney's Fees.*

 Finally, the appellees request that they be awarded attorney's fees and costs incurred in this appeal. *See Hastings v. Maine-Endwell Central School District,* 676 F.2d 893, 896–97 (2d Cir.1982). Appellant counters that fees and costs are un-

---

**7.** The Supreme Court stated in *Evans*:

Although respondents contend that Johnson, as counsel for the class, was faced with an "ethical dilemma" when petitioners offered him relief greater than that which he could reasonably have expected to obtain for his clients at trial (if only he would stipulate to a waiver of the statutory fee award), and although we recognize Johnson's conflicting interests between pursuing relief for the class and a fee for the Idaho Legal Aid Society, we do not believe that the "dilemma" was an "ethical" one in the sense that Johnson had to choose between conflicting duties under the prevailing norms of professional conduct. Plainly, Johnson had no *ethical* obligation to seek a statutory fee award. His ethical duty was to serve his clients loyally and competently. Since the proposal to settle the merits was more favorable than the probable outcome of the trial, Johnson's decision to recommend acceptance was consistent with the highest standards of our profession. The District Court, therefore, correctly concluded that approval of the settlement involved no breach of ethics in this case.

—— U.S. at ——, 106 S.Ct. at 1537–38.

warranted. We think the question of attorney's fees is best left for a consolidated appeal of all issues remaining following final disposition of the underlying action. There is no suggestion that appellees are in pressing need of the fees or that there is a likelihood that appellant will become insolvent pending final termination of the case. *See* Green, *From Here to Attorney's Fees: Certainty, Efficiency, and Fairness in the Journey to the Appellate Courts,* 69 Cornell L.R. 207, 268–73 (1984).

*Appeal dismissed.* Since both parties urged an immediate appeal, we award no costs.