815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Florence OATTS, Executrix of the Estate of Thomas J. Oatts,
Deceased, Plaintiff-Appellee,
v.
COMAIR INCORPORATED, Defendant,
Piper Aircraft Corporation, Defendant and Third Party
Defendant-Appellant.
 No. 87-5068.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs-appellees Katrina Lake, Sharon Paul and Comair (plaintiffs) move this Court for an order dismissing the appeal of defendant-appellant Piper Aircraft Corporation (Piper) for lack of jurisdiction. Piper has filed a response in opposition, and plaintiffs have replied to the response.
 
 
 2
 This litigation arises out of a crash of a Piper plane operated by Comair on October 8, 1979. The pilot and seven passengers were killed. On December 8, 1986, upon the Report and Recommendations of the Magistrate, the district court entered sanctions against Piper under Fed.R.Civ.P. 37(b)(2) for intentional, selective destructive of evidence related to aircraft flight safety. The court found that Piper destroyed the safety records in order to prevent plaintiffs' access to them so that plaintiffs could not establish liability. Therefore, the court struck Piper's pleadings, entered default judgment against Piper on the issue of liability, and scheduled the trial on damages for August 17, 1987. Piper filed a notice of appeal pursuant to the collateral order doctrine established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). In addition, Piper sought certification from the district court to appeal under 28 U.S.C. Sec. 1292(b). The district court has denied the certification. Therefore, if the district court's order is appealable at all, it is appealable under Cohen.
 
 
 3
 Upon consideration we conclude that the motion to dismiss for lack of jurisdiction must be granted. This Court derives its authority to review district court decisions from 28 U.S.C. Secs. 1291 and 1292. Jurisdiction under Sec. 1291 is limited to final decisions of the district courts. A decision is not final until all matters as to all parties and causes of action have been terminated. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981). An exception to the final judgment rule is the collateral order doctrine which was established by the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., supra. An order which would not normally be final under Sec. 1291 may be accorded finality under Cohen, if it conclusively determines the disputed question, resolves an important issue which is completely separate from the merits of the action, and if it would be "effectively unreviewable on appeal from the final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).
 
 
 4
 Generally, an order imposing sanctions against parties to a lawsuit for failure to comply with discovery requests is not a final appealable order under Sec. 1291 or under the Cohen rule. Robinson v. Tanner, 798 F.2d 1378, 1380 (11th Cir.1986); Appeal of Licht & Semonoff, 796 F.2d 564, 568 (1st Cir.1986); Eastern Maico Distributors, Inc. v. Maico-Fahrzeugbabrik G.M.B.H., 658 F.2d 944, 947 (3d Cir.1981). See also Frazier v. Cast, 771 F.2d 259, 262 (7th Cir.1985). Specifically, an order imposing a default judgment as a sanction for failure to comply with discovery orders is not appealable under Cohen. D & H Marketers, Inc. v. Freedom Oil & Gas, Inc., 744 F.2d 1443, 1446 (10th Cir.1984).
 
 
 5
 Even if Cohen were applicable, Piper could not satisfy the second and third criterions. Here, the discovery activity was not separable from and collateral to the underlying action. On the contrary, the destroyed material went to the heart of whether defendant was liable to plaintiffs. The order also fails the requirement that it be "effectively unreviewable on appeal from the final judgment." All parties will still be before the Court after the trial on the damages issue. Moreover, defendant will suffer no irreparable injury if this Court does not review the issues sought to be raised on appeal until after the trial on damages. Even if the district court wrongly decided to grant the default judgment, this Court may wait until the trial on damages is complete, vacate the judgment and order a new trial.
 
 
 6
 Since the district court's order is not appealable under Cohen, it is ORDERED that the motion to dismiss is granted.