# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 00-10123
Summary Calendar

—————————


LYN-LEA TRAVEL CORPORATION,
DOING BUSINESS AS FIRST CLASS INTERNATIONAL TRAVEL MANAGEMENT,

Plaintiff-Appellant,

STEPHEN GARDNER,

Appellant,

VERSUS

AMERICAN AIRLINES, INC.,

Defendant-Appellee,

SABRE GROUP, INC.,

Intervenor-Defendant-Appellee.


—————————————

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-2068-BC(R))

—————————————

November 27, 2000

Before SMITH, BENAVIDES, and
    DENNIS, Circuit Judges.

PER CURIAM:[*]

Because this is an appeal only from a contempt order, we dismiss the appeal for want of appellate jurisdiction. Generally, we may entertain appeals only from final decisions. *See* 28 U.S.C. § 1291. "[A] decision is not final, ordinarily, unless it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Cunningham v. Hamilton County, Ohio,* 527 U.S. 192, 204 (1999) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)).

A civil contempt order is not an appealable final order for purposes of § 1291.[1] Although we have recognized some exceptions to this rule, none applies here.[2]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See, e.g.*, *Quilling v. Funding Resource Group,* 227 F.3d 231, 234 (5th Cir. 2000); *Police Ass'n v. City of New Orleans,* 100 F.3d 1159, 1166 (5th Cir. 1996); *In re Grand Jury Subpoena,* 926 F.2d 1423, 1429 (5th Cir. 1991); *Drummond County v. District 20, United Mine Workers,* 598 F.2d 381, 383 (5th Cir. 1979).

[2] *See, e.g.*, *Lamar Financial Corp. v. Adams,* 918 F.2d 564, (5th Cir. 1990) (finding that a civil contempt order was final and appealable because it functioned as a criminal contempt order); *Petroleos Mexicanos v. Crawford Enters., Inc.,* 826 F.2d 392, 398 (5th Cir. 1987) (finding a civil contempt order imposing monetary sanctions final and appealable where the order related to actions of a
(continued...)

Although Lyn-Lea attempts to characterize Gardner as a third party so that we might find the district court's order final as applied to him, Gardner is functionally a party to the action. First, he is active counsel for Lyn-Lea and thus has a continuing duty to advance the interests of his client. *See Appeal of Licht & Semonoff,* 796 F.2d 564, 569-70 (1st Cir. 1986). The congruence of interests between Gardner and Lyn-Lea weighs against treating attorneys as nonparties for purposes of interlocutory appeals. *See Cunningham v. Hamilton County,* 527 U.S. 198, 207 (1999). In addition, Gardner and Lyn-Lea are jointly and severally liable for the sanctions, a factor that weighs against allowing immediate appeal.[3] Thus, Gardner is not a third party in any meaningful sense, and his sanctions are not appealable as a final order.

Even though Lyn-Lea and Gardner do not appeal from a final order, we may still hear the appeal if it falls within the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541 (1949). It does not.

A decision may be immediately appealable if it (1) conclusively determines the disputed question; (2) resolves an important question completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Coopers & Ly-*

---

[2](...continued)
third party and where the underlying criminal prosecution had ended).

[3] *See Cleveland Hair Clinic, Inc. v. Puig,* 104 F.3d 123, 126 (7th Cir. 1997) (holding that an attorney for a party in ongoing litigation could not immediately appeal an award of sanctions for which he and his client were jointly and severally liable).

*brand v. Livesay,* 437 U.S. 463, 468-69 (1978); *In re Grand Jury Subpoena,* 190 F.3d 375, 381 (5th Cir. 1999). If the order in question fails any of these criteria, it is not appealable. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 276 (1988).

We need not address whether the order meets the first two criteria, because it plainly fails the third. Appellants run no risk of losing their ability to appeal the contempt order, because the district court entered final judgment on September 29, 2000.[4]

The appeal is DISMISSED for want of jurisdiction.

---

[4] *See Cleveland Hair,* 104 F.3d at 126 ("A disgruntled attorney will be able to present the sanctions issue on appeal from the final decisions, even if the sanctioned litigant chooses not to, because an appeal at the end of the case brings up all interlocutory orders.").