UNITED STATES PUBLIC INTEREST RESEARCH GROUP, et al., Plaintiffs

v.

ATLANTIC SALMON OF MAINE, LLC, Defendant

No. CIV.00–151–B–C.

United States District Court, D. Maine.

May 19, 2003.

Bruce M. Merrill, Portland, ME, Charles C. Caldart, Seattle, WA, David A. Nicholas, Joseph J. Mann, Joshua R. Kratka, Boston, MA, for United States Public Interest Research Group, Stephen E. Crawford, Charles Fitzgerald, Plaintiffs.

Elizabeth R. Butler, Pierce, Atwood, Peter W. Culley, Pierce, Atwood, Portland, ME, for Atlantic Salmon of Maine, LLC, Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STAY ORDER PENDING APPEAL

GENE CARTER, Senior District Judge.

Before the Court is Defendant's Motion to Stay Order Pending Appeal (Docket Item No. 101)seeking to stay this Court's Opinion and Order Enjoining for Civil Contempt Defendant, Atlantic Salmon of Maine, LLC, From Further Violation of

the Court's Order of February 13, 2003, entered on May 9, 2003 (Docket Item No. 97). The Court has received an Expedited Response (Docket Item No. 107) thereto pursuant to the Court's Procedural Order of May 14, 2003 (Docket Item No. 102). It is hereby **ORDERED** that the Motion to Stay be, and it is hereby, **DENIED** for the following reasons:

■ (1) In the present state of the law, as the Court understands it to be articulated by the Court of Appeals for the First Circuit, the Court of Appeals will not accept Defendant's current appeal of the civil contempt order entered on May 9, 2003, as it is, by established precedent of that court, premature. In the case of *Appeal of Licht and Semonoff,* 796 F.2d 564 (1st Cir.1986), the court held that *a party* may not appeal an order of *civil* contempt. *Id.* at 568. The court, citing cases, holds therein that "[a] party ... may appeal only an order of criminal contempt before final judgment, not one of civil contempt." *Id. (citing Doyle v. London Guarantee & Accident Co.,* 204 U.S. 599, 607–08, 27 S.Ct. 313, 315–16, 51 L.Ed. 641 (1907); *Bessette v. W.B. Conkey Co.,* 194 U.S. 324, 326–30, 24 S.Ct. 665, 666–68, 48 L.Ed. 997 (1904); *Matter of Christensen Engineering Co.,* 194 U.S. 458, 460–61, 24 S.Ct. 729, 730–31, 48 L.Ed. 1072 (1904); 9 *Moore's Federal Practice* ¶ 110.13[2] at 154); *see also United States v. Salemme,* 978 F.Supp. 364, 371 (D.Mass.1997); 15B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3917, at 380 (2nd ed.1992). The Order of May 9th is an order of civil contempt. The Court concludes that the appeal will likely be dismissed as premature and that its pursuit is an exercise in futility. The delay to obtain that result will likely result in needless and unjustified delay in Plaintiff complying with the Order of May 9, 2003, to the substantial prejudice of the environment

and the implementation of the Court's Order. The Court **CONCLUDES** that the pendency of the Notice of Appeal (Docket Item No. 99) is not a good cause for a stay.

■ (2) The Court of Appeals for the First Circuit has set a standard for the determination of whether a stay of appeal is justified. The court has said:

> To satisfy the standard for the issuance of a stay, the movant must establish that there is a strong likelihood of success on the merits of its appeal; that he will suffer irreparable harm if a stay is not granted; that the harm will outweigh any harm opposing parties will suffer if a stay is granted; and that the public interest would be furthered by the granting of a stay. *Morgan v. Kerrigan,* 523 F.2d 917, 920 (1st Cir.1975). Failure to meet even one of the criteria justifies denial. *In re Max Sung Hi Lim,* 7 B.R. 319, 321 (Bkrtcy.D.Hawai'i 1980).

*In re Power Recovery Systems, Inc.,* 950 F.2d 798, 804 n. 31 (1st Cir.1991). Applying that standard here, the Court finds that even if Defendants were permitted to pursue the appeal at this time, on the existing record there is not "a strong likelihood" that Defendant will achieve success on the merits of the appeal. The Court **FURTHER FINDS** that while Defendant may suffer significant financial harm, it is not shown to be irreparable in nature and, further, even if it is found to be so, it occurs only because of Defendant's own conduct in disregarding the likely effect of the Court's prior rulings on the merits of the present case by raising the smolt, which are the subject of the May 9th Order, and by disobeying this Court's Order of February 13, 2003, by stocking part of the smolt in the circumstances which precipitated the Order of May 9, 2003, in lieu of making some other, lawful disposition of them.[1] The Court **FURTHER FINDS**

---

1. Throughout the fifteen-year-long history of

ASM's participation in the regulatory process

that the harm done to Defendant by denial of a stay of appeal will not outweigh the injury done to the interests of Plaintiffs by the granting of a stay of appeal and that the granting of a stay will not further the interests of the public in the enforcement by this Court of the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*

The Court *expects* to be in a position to enter its Order and Final Judgment on the remedial aspects of the case by May 27, 2003.

So **ORDERED.**

and in this case, ASM has apparently been unable to accept that the core issue in this case is not its economic well-being and future profitable operation. The core issue, which ASM has continuously minimized or evaded, is whether ASM is required to conduct its operations in compliance with the requirements of the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.* and, now, how that ASM is to be required to do so.

It is the Court's perception that ASM's leadership has single-mindedly pursued a policy, in the interests of the company's economic well-being and future profitability, of frustrating the fruition of all efforts by the regulatory authorities, such as they have been, and by this Court to secure and ensure its compliance with the Act. This is most recently tellingly demonstrated by its filing on May 11, 2003, of Defendant's Motion for Relief from Judgment (Docket No. 105) seeking to be relieved of this Court's Opinion and Order of May 9, 2003, (Docket Item No. 97) holding ASM in civil contempt of its Order of February 13, 2003, again strenuously asserting a right to be exempted from the requirements of the Act on the sole basis of its own economic exigency. That exigency is largely the result, in the view of the Court, of ASM's determined insistence that its economic well-being *will* prevail over its environmental responsibilities under the Act. It has pursued the growing and stocking of the fish now in question entirely for the purpose of creating that exigency and thereby exerting pressure on the agencies and this Court to accomplish that result.

The Court does not believe that ASM has ever accepted in the past, or that it does now accept, the proposition that its economic performance is trumped by its duty to operate in compliance with the congressional mandate that it comply with the requirements of the Act and the rulings and orders of this Court aimed at securing its compliance. There is little prospect that it will *ever* voluntarily do so.