Charles THOMAS, Appellant,

v.

William E. BROCK, Secretary of
Labor, United States Department
of Labor, Appellee.

William E. BROCK, Secretary of
Labor, United States Department
of Labor, Appellee,

v.

GLOBAL HOME PRODUCTS, INC., a
corporation, d/b/a North Carolina
Youth Team, Student Aid Program and
Junior Opportunities; Fund Raiser
Products, Inc., a corporation, d/b/a
North Carolina Youth Team, Student
Aid Program and Junior Opportunities;
Gerald Winters and Ronald Kelso, Ap-
pellants.

No. 85–2084.

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1986.

Decided Feb. 2, 1987.

Gerald A. Smith, Jr. (Barnett & Alagia, Nashville, Tenn., on brief) for appellants.

Lauriston H. Long (George R. Salem, Deputy Sol. of Labor, Monica Gallagher, Associate Sol., Linda Jan S. Pack, Counsel for Appellate Litigation, Washington, D.C., Bobbye D. Spears, Regional Sol., Atlanta, Ga., on brief), for appellee.

Before WIDENER, ERVIN and WILKINSON, Circuit Judges.

WIDENER, Circuit Judge:

This appeal involves our review of the district court's finding that Charles Thomas was an employee of the Global enterprise and that Thomas and Global have violated the Fair Labor Standards Act's (FLSA) child labor and record keeping provisions. The lower court also enjoined the Global enterprise from violating the FLSA and related regulations through the operations of other organizations or persons similar to those of Thomas. *Thomas v. Brock*, 617 F.Supp. 526 (W.D.N.C.1985). We agree with the district court's finding that Thomas was an employee of Global and that together they violated the FLSA. However, because the injunction entered by the district court did not comply with Rule 65(d) of the Federal Rules of Civil Procedure, we affirm in part and modify in part.

This litigation arises out of an attempt by the Wage and Hour Division of the United States Department of Labor (Department) to apply the child labor and record keeping provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, to the business activities of Thomas. Thomas initially sued the Department seeking a declaratory judgment that his business activities were not subject to the FLSA. The Department counterclaimed and sought to permanently enjoin Thomas from violating the Act. Simultaneously, the Department filed a separate action against Defendants Global Home Products, Inc., Gerald L. Win-

ters, Fund Raiser Products, Inc., and Ronald S. Kelso (collectively referred to as "Global") seeking a similar injunction against those parties. These two civil actions were then consolidated pursuant to the joint motion of the parties. The Department was designated as plaintiff.

The district court, after reviewing the evidence introduced at trial, found that Thomas was an employee of Global and was not an independent contractor. It did not consider the Department's other claimed bases for coverage. Therefore, the lower court reasoned that Thomas' employment practices were "attributable to his employers." The district court accordingly enjoined all the defendants from violating the child labor and record keeping provisions of the FLSA through the door-to-door operations of Thomas. In addition, the court below further enjoined all the defendants except Thomas from violating these provisions "through any local or regional operation that is operated through persons or organizations in ways in substance similar to the operation of Charles Thomas, as described in the findings of fact and conclusions of law entered separately...."

On appeal, the defendants raise only two questions:

Whether Charles L. Thomas operated a youth work and recreation program as an "independent contractor" rather than as an "employee" of the Global Enterprise?

Whether the injunctive relief entered by the district court fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure? (Appellant's brief p. 1)

■ The district court, in a thorough and thoughtful opinion, found that Thomas was an employee of Global rather than an independent contractor. Its findings of fact are not clearly erroneous, FRCP 52(a), and its legal conclusions are correct. We affirm this aspect of the case on the opinion of the district court, 617 F.Supp. 526 (W.D. N.C.1985).

■ Global's next contention is that it was improper for the district court to refer

to its findings of fact and conclusions of law in its order of injunction. It is claimed that the incorporation of an outside document violates Rule 65(d) of the Federal Rules of Civil Procedure and that the injunction fails to delineate adequately those whose conduct is subject to the FLSA's provisions. Stated another way, Global asserts that it cannot ascertain from the order with reasonable certainty which, if any, of its agreements with its many distributors are subject to the injunctive order.[1] These exceptions are well taken.

Rule 65(d) provides in pertinent part as follows:

Every order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and *not by reference to the complaint or other document,* the act or acts sought to be restrained....

Fed.R.Civ.P. 65(d) (emphasis added). The rule expressly proscribes the issuance of an injunction which describes the enjoined conduct by referring to another document. This is more than a technical requirement; its purpose is to give notice of the acts prohibited. *H.K. Porter Co., Inc. v. Nat. Friction Products,* 568 F.2d 24 (7th Cir. 1977); *Brumley Metals, Inc. v. Bargen,* 275 F.2d 46 (7th Cir.1960); 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2955 at 551–52 (1973).

■ We have held that the requirements of Rule 65(d) "are mandatory and must be observed in every instance," *Alberti v. Cruise,* 383 F.2d 268, 272 (4th Cir.1967), and the Supreme Court has explicitly approved the elimination from an injunction of a part of it which enjoined the appellants there "from violations 'as charged in the complaint,'" *Hartford-Empire Co. v. United States,* 323 U.S. 386, 410, 65 S.Ct. 373, 385, 89 L.Ed. 322 (1945).

■ In the present case, the district court, in paragraph 2 of its injunctive order, enjoined the defendants, except Thomas, from violating the applicable statutes and regulations, and then added that they were also enjoined from violating the applicable statutes and regulations

"through any local or regional operation that is operated through persons or organizations in ways in substance similar to the operation of Charles Thomas, as described in the findings of fact and conclusions of law entered separately this day."

The "findings of fact and conclusions of law" mentioned in the injunctive order refers to a separate document filed the same day as was the order. For one to get a description of the conduct enjoined, it is necessary to refer from the injunctive order to the findings of fact and conclusions of law, a document some 22 pages in length, which describes the operation of Charles Thomas in some detail. The injunctive order thus is in violation of Rule 65(d) which proscribes "reference to the complaint or other document" in order to obtain a description of the acts enjoined. We see little difference in the wording used here, "as described in the findings of fact and conclusions of law" and the language "as charged in the complaint" stricken from the injunction in *Hartford-Empire.* Thus, we are of opinion the language in the injunctive order we have quoted above, commencing with "through" and ending with "this day" should be stricken from the order.

The judgment appealed from is affirmed in all respects with the exception of striking that part of the injunctive order just above mentioned.

On remand, the district court should amend its order in conformity with this opinion.

---

1. Global does not argue that it cannot or does not understand what was enjoined; it is the question of who was enjoined that is raised on appeal. Global's reply brief, p. 7, is specific in this respect:

"The Global Enterprise, however, does not argue that it is unaware of the provisions of the Act. Rather, it argues that the district court's injunction fails to adequately delineate *whose* conduct is subject to those provisions." (Italics in original)

AFFIRMED IN PART; MODIFIED; and REMANDED.[2]

---

**2.** When the words we have described are stricken from the order, any argument that the identity of those restrained may be indefinite is moot.