911 F.2d 724
 18 Fed.R.Serv.3d 531
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SOUTHERN NATIONAL BANK OF NORTH CAROLINA, Appellant,
v.
FEDERAL RESOURCES CORPORATION; KENYON HOME FURNISHINGS,
LTD., Plaintiffs-Appellees, and JAMES W. PEARCE;
ELIZABETH CONTOGIANNIS; STEVE PALINKAS,
Defendants.
 No. 89-1787
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Argued: May 7, 1990
Decided: August 21, 1990
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CA-89-376-G-C)
 ARGUED: Eric Paul Handler, TURNER, ENOCHS, SPARROW, BOONE & FALK, P.A., Greensboro, North Carolina, for Appellant. Daniel Russell Taylor, Jr., PETREE, STOCKTON & ROBINSON, Winston-Salem, North Carolina, for Appellees. ON BRIEF: Charles B. Hahn, Donald G. Sparrow, TURNER, ENOCHS, SPARROW, BOONE & FALK, P.A., Greensboro, North Carolina, for Appellant. Norwood Robinson, Patrick G. Vale, PETREE, STOCKTON & ROBINSON, Winston-Salem, North Carolina, for Appellees.
 Before SPROUSE and WILKINSON, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an appeal from a preliminary injunction entered against American Bank & Trust Company.[1] It arose out of an action filed by Federal Resources Corporation seeking injunctive and monetary relief against certain named defendants-shareholders, officers, and employees of Kenyon Home Furnishings, Ltd.-in connection with the purchase of Kenyon by Federal. The injunction, inter alia, prohibits all "debtors of defendants" from "disposing of any of defendants' assets in their custody." American Bank & Trust Company seeks relief from the injunction in order to set off debt on a line of credit it extended to defendant Kenneth Kochekian, against certain demand and interest-bearing accounts, and a money market account which Kochekian allegedly pledged as security for the loan.
 
 
 2
 The district court stated that the requisite standard for issuance of a preliminary injunction had been met. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). It failed, however, to make oral or written findings of fact and conclusions of law which would afford us an adequate basis for appellate review. Accordingly, we remand this case to the district court for findings consistent with this opinion.
 
 I.
 
 3
 In April 1988, Federal Resources Corporation (Federal) acquired all of the outstanding stock of Kenyon Home Furnishings, Ltd. (Kenyon), a company which manufactured and sold leather furniture. Pursuant to the sale, Kenneth Kochekian, who was the sole shareholder of Kenyon, received 4.5 million shares of Federal stock, $500,000 in cash, and a promissory note for $4.5 million. He deposited the cash into a money market account in his name at American Bank & Trust Co. (American Bank).
 
 
 4
 On May 30, 1989, Federal filed suit against certain officers and employees of Kenyon alleging that they had fraudulently induced Federal to purchase Kenyon through misrepresentations contained in the company's financial statements. Federal also filed a motion for a temporary restraining order and an application for preliminary injunction to prevent defendants from disposing of certain assets that allegedly were traceable to defendants' fraudulent conduct. On June 14, 1989, Federal, on behalf of itself and Kenyon, filed an amended complaint which alleged, inter alia, violations of state and federal securities laws, fraud, fraud in the inducement, conspiracy, and gross negligence. Neither the original complaint nor the amended complaint alleged any wrongdoing on the part of American Bank.
 
 
 5
 Federal contended that the defendants engaged in an elaborate scheme to create the false impression that Kenyon was a thriving, successful company. Although Kenyon's financial statements near the time of the sale showed accounts receivable totalling approximately $14 million, Federal claimed that the majority of these accounts were later found to be nonexistent. Defendants allegedly created the false accounts receivable by writing checks to fictitious suppliers, endorsing the checks back over to Kenyon, and depositing them in the Kenyon collection account. Also in furtherance of this scheme, defendants allegedly presented false invoices and furniture purchase orders to obtain funds from Federal and various financial institutions.
 
 
 6
 American Bank maintained Kenyon's collection account for receipt of payments from purchasers on accounts receivable. This account served as the basis for an asset-based line of credit Kenyon had obtained from Shawmut Bank. Kenyon also had its corporate checking account at American Bank.
 
 
 7
 The district court granted an amended temporary restraining order on May 31, 1989, which included within it defendants' "creditors and custodians of assets." Federal sent a copy of the restraining order to each bank it believed held bank accounts that may have been used by defendants to divert funds. American Bank filed a motion seeking relief from the temporary restraining order and from any preliminary injunction to be entered in the action.
 
 
 8
 At hearing on the motion for preliminary injunction, Federal's witnesses testified that defendants defrauded Federal by misrepresenting the worth of Kenyon and by misappropriating Kenyon funds for personal use. Federal sought to freeze all assets fairly traceable to defendants' fraudulent conduct-including Kochekian's money market account and other accounts at American Bank-pending a determination of its entitlement to a constructive trust.[2] American Bank contended that as a non-party it was not properly enjoined because there was no evidence that it was in active concert with defendants. See Fed. R. Civ. P. 65(d). It argued further that the requirements of Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977), had not been met.
 
 
 9
 On July 24, 1989, the district court entered an order for preliminary injunction. The injunction provided in relevant part:
 
 
 10
 Defendants and all persons who are their agents, servants, employees, attorneys, custodians of assets, and debtors of defendants are hereby restrained from disposing of any of defendants' assets in their custody and control in any manner including, but not limited to, withdrawal of funds from bank accounts, conveyance of real property, or selling or disposing of other tangible personal property until the resolution of this matter on the merits or such further orders of this Court.
 
 
 11
 The court required a $10,000 bond in support of the injunction. The bond was subsequently increased to $75,000.
 
 
 12
 American Bank appeals.
 
 II.
 
 13
 American Bank argues that the injunction is not binding as to it because under Fed. R. Civ. P. 65(d) an order granting an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them." See Zenith Radio Corp. v. Hazeltine Research Inc., 395 U.S. 100, 112 (1969); Regal Knitwear Co. v. Nat'l Labor Relations Bd., 324 U.S. 9, 14 (1945). Appellant maintains that its relationship with defendants consisted only of routine transactions involving the various accounts that Kenyon had with the bank, and that these transactions do not support a finding that the bank actively participated in defendants' fraudulent scheme. Compare Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988) (bank properly enjoined where defendants used a code for clandestine dealings with it). American Bank further contends that there is no evidence that the requirements of Blackwelder have been met. The bank objects, inter alia, that Federal has not shown that it has no adequate remedy at law in connection with its claim to the bank accounts.
 
 
 14
 Federal contends, on the other hand, that the evidence does support a finding of active concert as required by Fed. R. Civ. P. 65(b). Federal asserts that American Bank knew or should have known from bank records that defendants were drawing checks on the Kenyon checking account made payable to fictitious suppliers, endorsing them in blank back to Kenyon, and redepositing the checks into the Kenyon collection account at American Bank. Federal further contends that the district court may properly enjoin American Bank regardless of whether it is shown to have been in active concert with defendants.
 
 
 15
 The district court in granting the injunction stated that "plaintiffs have met the requisite standard for issuance of a preliminary injunction as enunciated in Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977)." However, it made no findings of fact or law to support its conclusion.
 
 
 16
 Fed. R. Civ. P. 52 requires, inter alia, that "in granting or refusing interlocutory injunctions the court shall ... set forth the findings of fact and conclusions of law which constitute the grounds of its action." Similarly, Rule 65(d) states, in pertinent part: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance." Compliance with these requirements is "of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction." Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316 (1940). We hold that the district court has not complied with the terms of Rule 65(d), see Thomas v. Brock, 810 F.2d 448, 450 (4th Cir. 1987); Alberti v. Cruise, 383 F.2d 268, 272 (4th Cir. 1967), and has not afforded us a basis for appellate review of its decision.
 
 
 17
 We are unable to determine the district court's reasoning in connection with the injunction as applied to American Bank. The most likely basis for enjoining American Bank would appear to be that it was somehow in "active concert" with defendants. Fed. R. Civ. P. 65(d). However, findings of fact do not allow us to ascertain the district court's conclusion on this point. Similarly, Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189, 195 (4th Cir. 1977), requires the court to "balance the 'likelihood' of irreparable harm to the plaintiff against the 'likelihood' of harm to the defendant," to consider the likelihood that the party seeking the injunction will succeed on the merits, and to weigh the public interest in granting or denying the injunction. To the extent that the Blackwelder factors are applicable here, findings of fact with respect to them would be appropriate.
 
 
 18
 Accordingly, we remand to the district court for further proceedings consistent with this opinion.
 
 REMANDED WITH DIRECTIONS
 
 
 [1]
 After the commencement of this litigation, American Bank & Trust Company merged with Southern National Bank of North Carolina
 
 
 [2]
 Defendants sought to remove certain assets from the injunction on the ground that they were obtained prior to the alleged wrongdoing and thus could not have involved diversion of funds. Defendants Kochekian and Pearce were originally part of this appeal, but have agreed to a voluntary dismissal pursuant to Fed. R. App. P. 42(b) with the stipulation of opposing counsel