PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 5/17/96**TENTH CIRCUIT

CONSUMERS GAS & OIL, INC.,           )
                                     )
    Plaintiff-Appellee,          )
                                     )
        v.                       )          No. 95-1058
                                     )
FARMLAND INDUSTRIES, INC.,           )
                                     )
    Defendant-Appellant,         )
                                     )
JAMES L. RAINEY; G.C. MATTHIESEN;    )
HARRY D. CLEBERG; J.D. ATWOOD;       )
TIM R. DAUGHERTY; STEPHEN P. DEES;   )
G.E. EVANS; R.W. HONSE; EARL L.      )
KNAUSS; H. WAYNE RICE; B.L.          )
SANDERS; and John Doe Directors 1-25,)
                                     )
    Defendants-Appellees.        )

Appeal from the United States District Court
for the District of Colorado
(No. 92-K-1394)

Terry W. Schackmann, of Spencer Fane Britt & Browne, of Kansas City, Missouri, (Barry L. Pickens and Jennifer A. Downs, of Spencer Fane Britt & Browne, of Kansas City, Missouri, and Daniel F. Wake, of Daniel F. Wake, P.C., of Denver, Colorado, with him on the brief), for the appellant.

Richard G. Sander, of Popham, Haik, Schnobrich & Kaufman, Ltd., of Denver, Colorado, (David S. Fein, of Popham, Haik, Schnobrich & Kaufman, Ltd., of Denver, Colorado, and Frank A. Taylor and Patrick A. Reinken, of Popham, Haik, Schnobrich & Kaufman, Ltd., of Minneapolis, Minnesota, with him on the brief) for the plaintiff-appellee.

Before TACHA, HOLLOWAY, and BRISCOE, Circuit Judges.

BRISCOE, Circuit Judge.

_____

Farmland Industries, Inc., (Farmland) appeals a contempt order issued by the district court upon its finding that Farmland breached an order approving the parties' settlement agreement. Because the order approving the agreement did not contain the provision allegedly violated by Farmland, we reverse.

I.

Farmland is a Kansas corporation, organized and conducting business as a regional agricultural cooperative. Consumers Oil & Gas, Inc., (Consumers) is a former Colorado farm cooperative and a former member of Farmland. Consumers brought claims under various federal and state theories to recover equity that Farmland allegedly wrongfully refused to redeem. Shortly before trial, the parties entered into a Stipulation of Settlement, in which the parties agreed "[t]here shall be no press release and no communication with the media concerning the settlement of this Action, or concerning the Action itself, except a joint release to be approved by both Class Counsel and Defendant Farmland on or before July 7, 1993." Appellant's br. append. C at 14. The district court approved the stipulation and its order discussed in detail the manner in which Farmland was to satisfy Consumers' claims. The order did not specifically discuss or explicitly refer to the prohibition of press releases and communications to the media. The order generally provided: "This Order shall be considered an implementation of the Stipulation of Settlement. The Stipulation of Settlement shall not be considered merged into this Order or superseded by it." Appellant's Append. I at 161. It further provided:

> Without affecting the finality of this Judgment in any way, the
> Court reserves continuing jurisdiction over the
> implementation and enforcement of the terms of the

2

> Stipulation of Settlement and any issues relating to Subclass membership, notice to Class Members, distributions to Class Members, allocation of expenses among the class, disposition of unclaimed payment amounts, and all other aspects of this action, until all acts agreed to be performed under the Stipulation of Settlement shall have been performed and the final order of dismissal referenced above has become effective or until October 1, 1996, whichever occurs latest.

Id. at 162.

After the court entered its order, Consumers' counsel filed another action against Farmland, on behalf of a separate class, in the United States District Court for the Southern District of Iowa (the Great Rivers litigation). Farmland subsequently published an article in its corporate newsletter under the heading of "Opinion" entitled "Lawsuit challenges cooperative governance." Appellant's br. append. D. The article discussed the Great Rivers litigation as well as the instant case. The newsletter also contained a "Q & A" section that discussed the instant case and some of the terms of the settlement agreement. Farmland sent the newsletter to approximately 150,000 customers, a few members of Congress, "some Kansas City area libraries," and "various national and state cooperative associations." Appellant's append. I at 221.

Consumers moved for civil contempt, arguing the article violated the court's order. The district court issued a contempt citation in which it ordered Farmland to show cause why the court should not find it in contempt. Following a hearing, presided over by a different district judge than the one who authored the order, the court concluded the section of the stipulation prohibiting communications to the media was part of the district court's order, and Farmland breached it by discussing the case in its corporate newsletter. The court found Farmland in contempt and imposed sanctions. Farmland was ordered to pay Consumers' fees and costs related to the contempt proceeding, and to publish in its

3

newsletter (1) a notice that it had been held in contempt of court and ordered to pay Consumers' fees and costs, (2) a notice that the court directed it to state that its comments were misleading, (3) a retraction of certain comments, and (4) an apology to the court and all concerned.[1]

## II.

Farmland argues the court erred (1) by predicating contempt on an alleged violation of a provision of the settlement agreement not explicitly set forth in the court's order, (2) by finding that Farmland violated the settlement agreement, (3) by ordering "criminal" sanctions that neither compensated Consumers' injuries nor coerced Farmland to end a continuing violation, and (4) by punishing speech deemed critical of a prior court decision. We first address whether we have jurisdiction to consider this appeal.

## A.

Consumers argues we lack jurisdiction over Farmland's appeal. The parties dispute whether the contempt is civil or criminal; Consumers argues it is civil, but Farmland argues it is criminal. Generally, "a party to a pending proceeding may not appeal from an order of civil contempt except as part of an appeal from a final judgment, whereas an adjudication of criminal contempt is a final order appealable prior to final judgment." Pro-Choice Network of Western New York v. Walker, 994 F.2d 989, 994 (2d Cir. 1993). See also Fox v. Capital Co., 299 U.S. 105, 107 (1936) (stating party to pending proceeding may not appeal from order of civil contempt except as part of appeal from final judgment); In re Christensen Engineering Co., 194 U.S. 458 (1904) (explaining

_____

[1] This court granted Farmland's motion to stay enforcement of the contempt order pending resolution of this appeal.

adjudications of criminal contempt appealable prior to final judgment).  However, in

O'Connor v. Midwest Pipe Fabrications, 972 F.2d 1204, 1208 (10th Cir. 1992), we

explained:

> On the question of finality, we are mindful of the
> general rule that "a finding of civil contempt is not reviewable
> on interlocutory appeal."  Combs v. Ryan's Coal Co., 785
> F.2d 970, 976 (11th Cir.), cert. denied sub nom, Simmons v.
> Combs, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 120 (1986).
> Despite this rule, however, in the postjudgment stage of a
> case, "[o]nce the finding of contempt has been made and a
> sanction imposed, the order has acquired all the 'elements of
> operativeness and consequence necessary to be possessed by
> any judicial order to enable it to have the status of a final
> decision'" under 28 U.S.C. § 1291 (1976).  Shuffler v.
> Heritage Bank, 720 F.2d 1141, 1145 (9th Cir. 1983) (quoting
> SEC v. Naftalin, 460 F.2d 471, 475 (8th Cir. 1972)).

In the instant case, the district court made a finding of contempt in the "postjudgment

stage" and imposed specific, unavoidable sanctions.  Consumers' arguments to the

contrary are unpersuasive.  Thus, the contempt order is appealable regardless of whether

it is more properly characterized as criminal or civil.  We turn to the merits of Farmland's

appeal.

### B.

"A district court has broad discretion in using its contempt power to require

adherence to court orders." United States v. Riewe, 676 F.2d 418, 421 (10th Cir. 1982).

However, in determining whether a court committed legal error by violating limits on its

contempt power, our review is de novo.  O'Connor, 972 F.2d at 1209.

Farmland contends contempt was improper because the district court's order did

not incorporate the provision of the stipulation prohibiting press releases or

communications to the media.  Farmland argues for strict construction of Federal R. Civ.

5

P. 65(d).  In response, Consumers argues <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 114 S.Ct. 1673 (1994), overrules the authorities on which Farmland relies.  Consumers misreads <u>Kokkonen</u>.  <u>Kokkonen</u> addresses a jurisdictional question: whether a federal district court has "inherent power" or "ancillary jurisdiction" to enforce a dismissal-producing settlement agreement.  <u>Kokkonen</u> holds that a court lacks subject matter jurisdiction to enforce a settlement absent an independent jurisdictional basis or a reservation of jurisdiction in the order dismissing the action.  <u>Kokkonen</u> neither prohibits nor discourages strict construction of Rule 65(d).

Farmland allegedly violated a term of a settlement agreement approved by a judicial order.  "Standing alone, a settlement agreement is nothing more than a contract; the imprimatur of an injunction is required to render it a consent decree enforceable through contempt."  <u>D. Patrick v. Ford Motor Co.</u>, 8 F.3d 455, 460 (7th Cir. 1993).  Rule 65(d) governs the form and scope of injunctive orders.  "[T]he term 'injunction' in Rule 65(d) is not to be read narrowly but includes all equitable decrees compelling obedience under the threat of contempt."  11A Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 2955, at 309 (1995).

Rule 65(d) provides in part:  "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; [and] <u>shall</u> describe in reasonable detail, and <u>not by reference to the complaint or other document</u>, the act or acts sought to be restrained.  (Emphasis added.)  The rule is phrased in mandatory language.  "[It] expressly proscribes the issuance of an injunction which describes the enjoined conduct by referring to another document."  <u>Thomas v. Brock</u>, 810 F.2d 448, 450 (4th Cir. 1985).  The proscription protects those who are enjoined by

6

informing them of the specific conduct regulated by the injunction and subject to contempt.  See 11A Federal Practice and Procedure § 2955, at 310.

The Seventh Circuit has held that a provision of a settlement agreement not explicitly set forth in a judicial order is not enforceable by contempt.  H.K. Porter Co. v. National Friction Products, 568 F.2d 24 (7th Cir. 1977).  Similarly, it has held that merely retaining jurisdiction to enforce the agreement is not enough to transform it into an order enforceable by contempt. D. Patrick, 8 F.3d at 461.  Both holdings faithfully apply the plain language of Rule 65(d) by prohibiting incorporation by reference.  In H.K. Porter, the Seventh Circuit explained generally as follows:

> Because of the risks of contempt proceedings, civil or criminal, paramount interests of liberty and due process make it indispensable for the chancellor or his surrogate to speak clearly, explicitly, and specifically if violation of his direction is to subject a litigant . . . to coercive or penal measures, as well as to payment of damages.

568 F.2d at 27.

The Seventh Circuit strictly construes Rule 65(d).  See also Seattle-First-Nat. Bank v. Manges, 900 F.2d 795, 799 (5th Cir. 1990) (strictly construing "no-reference" requirement of Rule 65(d)); Thomas, 810 F.2d at 450 (same).  Cf. Hartford-Empire Co. v. United States, 323 U.S. 386, 410 (1945) (eliminating part of injunction enjoining appellants "from violations 'as charged in the complaint'").  Not all circuits strictly construe Rule 65(d).  See, e.g., Williams v. City of Dothan, 818 F.2d 755, 761 (11th Cir.) (explaining "Rule 65(d) should not be applied strictly; rather the inquiry should be whether the parties subject to the injunctive order understood their obligations under the order"), modified, 828 F.2d 13 (11th Cir. 1987).  This court has not clearly indicated whether Rule 65(d) should be construed strictly.  Cf. Citizen Band Potawatomi Indian

7

Tribe of Oklahoma v. Oklahoma Tax Com'n, 969 F.2d 943, 946 n.3 (10th Cir. 1992) (noting order failed to comply with Rule 65(d), but avoiding issue because parties did not argue violation of Rule 65(d), because all concerned knew scope of injunction, and because order described in "reasonable detail" the conduct enjoined); Commercial Sec. Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1356 (10th Cir. 1972) (stating generally that "Rule 65 must be strictly complied with"); Munitions Carriers Conference v. American Farm Lines, 440 F.2d 944, 947-48 (10th Cir. 1971) (discussing injunction that referred to enjoinee's duties under various statutes).

Rule 65(d) is clear. "Every order granting an injunction . . . shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." (Emphasis added.) After reviewing the authorities presented by the parties and conducting our own research, we are persuaded the better view is to construe Rule 65(d) strictly and thereby give effect to its plain, mandatory language. By reaching this result, we refrain from substituting ad hoc uncertainty for the rule's uniformity and clarity, and we advance two important functions performed by the rule: (1) to prevent confusion on the part of those faced with injunctive orders and (2) to aid the appellate court in defining the bounds of the injunctive relief, cf. Schmidt v. Lessard, 414 U.S. 473, 476-77 (1974) (per curiam) (discussing functions Rule 65(d) designed to perform).

III.

Although the district court specified in its order that it retained jurisdiction, and although it set forth some provisions of the parties' settlement agreement, it did not expressly set forth the provision prohibiting communications to the media. Since the

8

district court did not expressly set forth the prohibition, it may not be enforced by contempt.  Farmland's first argument is dispositive; therefore, we do not reach its alternative arguments.

The district court's contempt order is REVERSED.