**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOE WAID,

      Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE;
MARTIN CHAVEZ, Mayor, City of
Albuquerque; LOUIS E. SAAVEDRA,
Former Mayor of the City of
Albuquerque; ARTHUR
BLUMENFELD, Former Chief
Administrative Officer; LAWRENCE
RAEL, Chief Administrative Officer;
CARL P. RODOLPH, Aviation
Director; ROBERT BROWN,
Employee Affairs Director,

      Defendants-Appellees.

No. 97-2322
(D.C. No. CIV-95-247-MV)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Joe Waid appeals from an order finding him in contempt of the United States District Court for the District of New Mexico. Defendants have moved to dismiss this appeal for lack of jurisdiction. We determine that the contempt order is not final and appealable and accordingly we dismiss the appeal.

Plaintiff initially filed suit against these defendants in a New Mexico state court. Defendants removed the action to federal court, where some of plaintiff's claims were dismissed. Plaintiff then proposed to the federal district court that he amend his complaint to withdraw his remaining federal claims under 42 U.S.C. § 1983 and Title VII, thus providing grounds for a remand to the state court because the only remaining claims were state law claims. Defendants objected to the remand because they feared plaintiff would refile his federal claims in state court. The federal district court granted plaintiff's motion for a remand to the state court, "expressly conditioned, however, on Plaintiff's compliance with his stipulation that he [would] not refile his federal claims in federal or state court." Appellant's App. at 179 (September 9, 1996 remand order). On remand to the state court, plaintiff "filed a Third Amended Complaint . . . adding defendants

already dismissed by [the federal district court], and re-introducing federal causes of action which [the federal district court] had dismissed with prejudice." Id. at 336 (September 19, 1997 order to show cause). After a hearing, the federal court found that plaintiff's third amended complaint filed in state court violated its previous order by naming individual defendants in their official capacities and by inserting additional new claims. See id. at 342 (October 1, 1997 order of contempt). The federal district court found plaintiff in civil contempt and ordered

> that Plaintiff may purge himself of contempt by limiting the trial of this matter in state court to a trial against the City of Albuquerque as the sole remaining defendant in this Court at the time of remand, and of those issues which were before this Court as contract claims at the time that the Court remanded this case to state court for trial, as set forth above, which are the same matters which this court ordered would be the only matters contained in Plaintiff's Third Amended Complaint.

Id. at 342-43. On October 3, 1997, plaintiff filed a notice of appeal from the October 1, 1997 order of contempt. He made no attempt to demonstrate to the federal district court that he had purged himself of contempt. In the meantime, the state court litigation was concluded.

The finding of contempt was entered after the case was remanded to the state court. We have held that "in the *postjudgment* stage of a case, once the finding of contempt has been made *and a sanction imposed*, the order has acquired all the elements of operativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision

-3-

under 28 U.S.C. § 1291 . . . ." O'Connor v. Midwest Pipe Fabrications, Inc. , 972 F.2d 1204, 1208 (10th Cir. 1992) (quotations omitted) (second emphasis added). In this case, however, the district court did not impose a sanction. See Appellant's App. at 343 ("[I]f plaintiff fails to purge himself of contempt, the appropriate action, whether civil or criminal, will be considered at that time."). Furthermore, the district court did not have an opportunity to determine whether plaintiff purged himself of contempt.

We are aware of United States v. O'Rourke , 943 F.2d 180, 186 (2d Cir. 1991), finding appellate jurisdiction of a postjudgment contempt order imposing a fine of $1,000,000 plus an additional $10,000 per day until compliance with an earlier order, but leaving an opportunity to purge the contempt. See 943 F.2d at 185-86. There, the court held that "'[b]eing placed under the threat of future sanction *is* a present sanction.'" Id. at 186 (quoting Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc. , 793 F.2d 1529, 1533 n.2 (11th Cir. 1986)). In contrast to both O'Rourke and Sizzler Family Steak Houses , here, the district court did not impose a fine or other sanction, and did not issue a ruling on whether plaintiff had purged himself of contempt. Therefore, we hold that the district court's contempt order is not final because it did not "impose[] specific, unavoidable sanctions." Consumers Gas & Oil, Inc. v. Farmland Indus., Inc. , 84 F.3d 367 , 370 (10th Cir. 1996).

-4-

Plaintiff argues that even if the contempt order is not final and appealable under § 1291, this court has jurisdiction under 28 U.S.C. § 1292(a) because the order is essentially an injunction prohibiting him from pursuing some claims in state court. Although plaintiff maintains that the contempt order restricted his state court claims, in fact, his own stipulation was the reason his claims were restricted. The federal district court's action restricting plaintiff's state court claims was the remand order based on plaintiff's stipulation, not the order of contempt. The contempt order merely served to enforce the remand order. Consequently, § 1292(a) does not provide jurisdiction.

Defendants' motion to dismiss for lack of appellate jurisdiction is GRANTED. APPEAL DISMISSED.

Entered for the Court

Wade Brorby
Circuit Judge