NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1207

FUJI PHOTO FILM CO., LTD.,

Plaintiff-Appellee,

v.

JACK C. BENUN,

Defendant-Appellant,

and

POLYTECH (SHENZHEN) CAMERA CO. LTD.,

Defendant-Appellant,

and

POLYTECH ENTERPRISES, LTD.,

Defendant-Appellant,

and

RIBI TECH PRODUCTS LLC,

Defendant-Appellant.

ON MOTION

Before SCHALL, GAJARSA, and LINN, <u>Circuit Judges</u>.

LINN, <u>Circuit Judge</u>.

<u>O R D E R</u>

Fuji Photo Film Co., Ltd. (Fuji) moves to dismiss Jack C. Benun et al.'s (Benun) appeal and moves for sanctions. Benun opposes. Fuji replies. Benun also moves for a stay, pending appeal, of the execution of contempt of court sanctions. Fuji opposes.

On April 18, 2005, Fuji sued Benun alleging infringement of patents pertaining to disposable cameras. On June 15, 2005, the United States District Court for the District of New Jersey granted Fuji's motion to preliminarily enjoin Benun from various commercial activities, including the sale of disposable cameras to persons outside of the United States for purposes of reimporting them.

After discovering that Benun had allegedly reimported over a million disposable cameras into the United States, Fuji sought a contempt order in the district court. On December 7, 2006, the district court entered an order finding Benun in contempt of the preliminary injunction and directing Benun to prepare an accounting of all revenue received from the sale of these reimported disposable cameras. The district court expressly reserved judgment on the issue of disgorgement. The district court also directed Benun to pay Fuji's reasonable attorney fees in connection with the contempt motion but did not set an amount.

On December 15, 2006, Benun submitted an accounting report asserting that the reimported disposable cameras were sold at a loss. Fuji contested. The district court's judgment on the issue of disgorgement remains pending. On February 7, 2007, the district court directed Benun to pay Fuji $117,486 in attorney fees. On March 7, 2007, Benun filed the present notice of appeal as well as a motion in the district court to stay enforcement of the award of attorney fees. On May 2, 2007, the district court declined staying execution of the contempt of court sanctions.

Benun seeks review in this court of the attorney fee award and the contempt determination. However, an award of attorney fees ordered before entry of a final judgment on the merits is not appealable until after final judgment is entered. Sanders Assocs., Inc. v. Summagraphics Corp., 2 F.3d 394 (Fed. Cir. 1993).

Concerning the contempt determination, Benun has not convinced us that the interlocutory order is otherwise appealable. Benun argues that review of the contempt order is proper, citing Seiko Epson Corp. v. Nu-Kote Int'l, Inc., 190 F.3d 1360 (Fed. Cir. 1999). In that case, we held we had jurisdiction to review a contempt order when "the opportunity to purge the contempt has passed and the position of the parties has been affected by the contempt order." Seiko Epson, 190 F.3d at 1369. However, that case also noted that if no sanction for the contempt had been imposed, no appeal is allowed. Id. Here, the amount of the sanction, i.e., the amount of the disgorgement, has not been determined.

Depending on how the payment of any sanction is directed by the district court, the order directing payment may or may not be appealable before entry of final judgment. See In re Christensen Eng'g Co., 194 U.S. 458, 460-61 (1904) (a district court order directing payment of a contempt fine, in part to the injured party and in part to the court, for violation of a preliminary injunction in a patent case "was clearly punitive and in vindication of the authority of the court" and was thus appealable; if the fine is ordered payable only to the party injured by the disobedience, then "it is to be regarded as merely an interlocutory order, and to be reviewed only on appeal from the final decree."). We have considered Benun's other arguments but remain convinced that we must dismiss the appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1)     The motion to dismiss is granted.

(2)     The motion for a stay, pending appeal, is moot.

(3)     The motion for sanctions is denied.

(4)     All sides shall bear their own costs.

FOR THE COURT


    June 5, 2007                                    /s/ Richard Linn         
             Date                                     Richard Linn
                                               Circuit Judge


cc:     Lawrence Rosenthal, Esq.
        John M. Peterson, Esq.

s19

ISSUED AS A MANDATE:     June 5, 2007